

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sidney Allgood, ) | |
| ) | |
| Plaintiff, ) | No.   06 C 2886 |
| ) | |
| vs. ) | |
| ) | |
| City of Chicago, Department of ) | |
| Police ) | The Honorable William J. Hibbler |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff filed a five-count complaint against the City of Chicago and the Chicago Police Department. Count I alleges a state law claim of defamation. Count II seeks a writ of mandamus. Count III seeks review by common law certiorari. Count IV alleges retaliatory discharge in violation of state and federal constitutional rights. Lastly, Count V alleges retaliation in violation of 42 U.S.C. § 1983. Defendants filed a motion to dismiss all counts against them pursuant to *Fed. R. Civ. P. 12(b)(6)*. For the reasons set forth herein, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

### I. Factual Background

In resolving a motion to dismiss, the Court takes as true the following facts from Plaintiff's complaint. The City of Chicago employed Plaintiff Sidney Allgood ("Allgood") as a probationary Police Officer from January 3, 2005 to October 20, 2005. During his tenure as a probationary Police Officer, Allgood received a rating of "good" on his performance evaluations and commendations for

1

his work. Additionally, Allgood was never disciplined during his employment. According to Plaintiff, in September 2005, several unknown Chicago Police Officers, acting as investigators on behalf of the City of Chicago, went to an automobile dealership where Allgood previously purchased an automobile. While at the dealership, these unknown officers falsely informed the dealership management that Allgood was involved in illegal activity. After being informed of the statements made by the police officers, Allgood reported the incident to his supervisor, who directed him to file a complaint with the Internal Affairs Division of the City of Chicago Police Department. Plaintiff Allgood filed a complaint on September 6, 2005, with the Chicago Police Department Office of Internal Affairs. On October 20, 2005, approximately six weeks after filing the complaint, the City of Chicago terminated Plaintiff's employment for allegedly filing false information on his employment application.

## II. Standard of Review

Motions to dismiss under *Rule 12(b)(6)* test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas. Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

## III. Analysis

### A. Illinois Common Law Defamation Claim (Count I)

In Count I of his Amended Complaint, Allgood alleges that unknown individual officers, acting as investigators for the City of Chicago, made defamatory statements about the Plaintiff to individuals at a car dealership alleging that Plaintiff was involved in illegal activity. Pls.' Am. Compl. PP 3, 8-13. According to Plaintiff, these statements are defamatory because (i) they "were made maliciously and with the intent to defame Plaintiff," (ii) the unknown officers "published and circulated [the statements] to business associates and friends of Plaintiff, Plaintiff's superiors and others," (iii) the unknown officers made the false statements with the intent of alleging the commission of a crime, and (iv) the statements were false, scandalous and exposed Plaintiff to hatred and contempt by imputing that Plaintiff lacked professional skills. Plaintiff additionally alleged that the unknown officers were acting as investigators of the Defendant City of Chicago.

1. Defamation Claim

Defendants argue that Allgood cannot recover for defamation because he failed to allege, with specificity, the slanderous comments for which it seeks to recover. Under Illinois law, "[a] statement is defamatory if it tends to cause harm, which lowers the reputation of a person in the community or deters others from associating with her." *Knafel v. Chicago Sun-Times, Inc.*, 413 F.3d 637, 639 (7th Cir. 2005) (citing *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201 (1992)). To establish an Illinois common law defamation claim, a plaintiff must allege "that the defendant made a false statement about her; that the defendant caused an unprivileged publication of the statement to a third party; and that the publication of the statement harmed her."

3

*Knafel*, 413 F.3d at 639 (citing *Parker v. House O'Lite Corp.*, 324 Ill.App.3d 1014, 258 Ill.Dec. 304, 756 N.E.2d 286 (2001)).

There are two types of defamation under Illinois law - defamation per se and defamation per quod. *Knafel*, 413 F.3d at 639. "Statements are considered defamatory per quod if the defamatory character of the statement is not apparent on its face, and extrinsic facts are required to explain its defamatory meaning." *Kolegas*, 154 Ill.2d at 10. Alternatively, statements are considered defamatory per se "when the defamatory character of the statement is apparent on its face; that is, when the words used are so obviously and materially harmful to the plaintiff that injury to his reputation may be presumed." *Id.* In his reply brief, Plaintiff maintains that he sufficiently alleged facts of a claim of defamation per se.

It is well-established that the Federal Rules of Civil Procedure govern diversity actions and state law claims brought in federal court through supplemental jurisdiction. *See Houben v. Telular Corp.*, 309 F.3d 1028, 1032-36 (7th Cir. 2002). Because the Court's jurisdiction over Allgood's common law defamation claim is pursuant to supplemental jurisdiction under 28 U.S.C. § 1367, the defamation claim must comply with the liberal federal notice pleading requirements governed by Federal Rule of Civil Procedure 8(a)(2).

Rule 8(a)(2) states that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Allgood has satisfied the liberal notice pleading requirements putting Defendants on notice of his claims and the facts that support its claims. Specifically, in paragraph 3 of the Complaint, Allgood identifies the content, date, and parties involved with the statement. Comp., P. 3. Although Allgood

4

has not alleged the exact dates or the exact parties involved with the statements, he does allege the content of the statements as well as some detail about the parties and time period, which is sufficient under Rule 8(a)(2). See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)("notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues").

2. Illinois Tort Immunity Act

Next, Defendants argue that the City cannot be liable for defamation because the Illinois Tort Immunity Act specifically provides absolute immunity to local public entities. The Court agrees. Section 107 of the Illinois Tort Immunity Act provides that, "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous." 745 ILCS 10/2-107; see also *Hood v. Ill. High Sch. Ass'n*, 359 Ill. App. 3d 1065, 296 Ill. Dec. 585, 835 N.E.2d 938, 940 (Ill.App.Ct. 2005). Because the City of Chicago is a local public entity under the Act, the Court dismisses the City of Chicago from Allgood's Illinois common law defamation claim under Count I.

3. Governmental Immunity Doctrine

Additionally, the Court addresses whether common law absolute immunity precludes Plaintiff's state law claim of defamation against the individual unknown officers. Defendants argue that Allgood's alleged defamatory statements are barred since Illinois law has an absolute privilege against defamation for government officials for statements made within the scope of their official duties. *Barr v. Matteo*, 360 U.S. 564, 571, 3 L. Ed. 2d 1434, 79 S. Ct. 1335 (1959). "An absolute privilege cannot be overcome by a showing of improper motivation or knowledge of falsity." *Geick*

5

*v. Kay*, 236 Ill. App. 3d 868, 603 N.E.2d 121, 127, 177 Ill. Dec. 340 (Ill.App. 1992). The absolute immunity doctrine is limited to situations in which the government official's action is within the scope of his powers. *Blair v. Walker*, 64 Ill. 2d 1, 349 N.E.2d 385, 389 (Ill. 1976)(holding that the Governor of Illinois was protected from actions for civil defamation when making statements "which are legitimately related to matters committed to his responsibility."); *Harris v. News-Sun*, 269 Ill. App. 3d 648, 646 N.E.2d 8, 11, 206 Ill. Dec. 876 (Ill. App. 1995)(stating "the proper focus of the absolute immunity inquiry is on the nature of the government official's duties, and not on his/her rank or title.").

Defendants argue that the individual officers are protected by the absolute immunity doctrine, even if their alleged statements were in fact defamatory, because Plaintiff's Complaint alleges that Defendants were police officers who were acting as investigators of the City of Chicago when the statements were made. The Court, however, cannot determine on a motion to dismiss whether the alleged defamatory statements of the unknown officers to the dealership were within the course of their official duties. The factual record at this stage of the proceedings does not reveal the precise parameters of Defendants' official duties. Therefore, Defendants' motion to dismiss the state law claims of defamation on the ground of absolute immunity is denied.

### B. Writ of Mandamus (Count II)

Plaintiff seeks a writ of mandamus requesting that the Court compel Defendants' to reinstate Plaintiff's employment and payment of monetary damages. Defendants argue that mandamus is inappropriate in these circumstances because as an at-will employee Allgood may be discharged for any lawful reason, and, further, there is no plainly defined duty on the part of any City official to

ensure the continued employment of Plaintiff, a probationary officer.

Mandamus is an extraordinary remedy. "A party seeking a writ of mandamus shoulders the burden of showing that a right to relief is clear and undisputable." *Banks v. Secretary of the Ind. Family and Social Serv. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993). As such, the Seventh Circuit has explained that this means that "mandamus jurisdiction is only available 'under exceptional circumstances of clear illegality.'" *Id.* Mandamus jurisdiction can be invoked when: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform; (3) no other adequate remedy is available. *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994).

Plaintiff's complaint fails to plead or establish the required elements for mandamus. Indeed, Plaintiff fails to plead any facts that establish a "clear right" to the relief sought. Additionally, Allgood fails to identify any named City Official or, more importantly, any defined, non-discretionary duties that this City Official has a clear duty to perform. Lastly, Plaintiff has not demonstrated that no other adequate remedy is available to him. Accordingly, the Court dismisses Count II of Plaintiff's complaint.

### C.   Certiorari (Count III)

Plaintiff seeks judicial review by common law writ of certiorari. Defendants argue that Plaintiff's termination is not subject to a writ of certiorari because it does not entail a review of administrative proceedings. Specifically, Defendants claim that the pursuant to the Chicago Municipal Code, the decisions of the Police Superintendent are not reviewable under the Administrative Review Law. *Flynn v. Hillard*, 707 N.E.2d 716, 719 (Ill. App. 1st Dist. 1999).

In Illinois, common law certiorari is employed for reviewing the action of agencies and

tribunals exercising administrative functions, where there is no statutory provision that provides for judicial review. *Smith v. Department of Public Aid*, 67 Ill. 2d 529, 541 (Ill. 1977). In *Rochon v. Rodriguez*, 293 Ill. App. 3d 952 (Ill. App. Ct. 1997), two probationary police officers who were terminated from the City of Chicago Police Department appealed the trial court's dismissal of their petition for administrative review of their termination and reinstatement. The Illinois Appellate Court explained, "that the purpose of the common law writ of certiorari is to have the entire record of an inferior tribunal brought before a reviewing court to determine, from the record alone, whether that body acted in accordance with applicable law." *Id.* at 955. That court further explained that common law writ of certiorari is "limited to obtaining review over a decision by an inferior court or tribunal where that body has acted without jurisdiction, exceeded its jurisdiction or where it is shown that the court or tribunal did not follow the essential procedural requirements applicable to the cases before it." *Id.* The Court concluded that the Superintendent was neither a tribunal nor an inferior court, subject to review. *Id.* at 956. In addition, the Court concluded that the Superintendent's decision to discipline the probationary officers was not a judicial or quasi-judicial act. *Id.* Finally, the court held that the Superintendent's decision to terminate the probationary officers was not subject to judicial review by common law certiorari. *Id.* This Court finds that reasoning persuasive, and therefore dismisses Count III of Plaintiff's Complaint.

### D. Retaliatory Discharge (Count IV)

Defendants move to dismiss Allgood's retaliatory discharge claim contending that the Illinois Tort Immunity Act ("the Act") bars such claims and that Plaintiff fails to sufficiently plead a claim of retaliatory discharge under Illinois law. The Tort Immunity Act immunizes public employees

8

whose positions involve "the determination of policy or the exercise of discretion," from liability for injuries resulting from those acts. 745 ILL. COMP. STAT. 10/2-201 (2002). Specifically, it provides: "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILL. COMP. STAT. 10/2-201. Immunity under section 2-201 will not apply, however, if the injury results from an act that is ministerial in nature. *Trotter v. School Dist. 218*, 315 Ill. App. 3d 1, 733 N.E.2d 363, 374, 247 Ill. Dec. 899 (Ill. App. Ct. 2000). "Ministerial acts are those that a person performs on a given state of facts, in a prescribed manner, in obedience to the legal authority, and without reference to the official's discretion as to the propriety of the act." *Id.* Discretionary acts are those which are unique to a public office and involve the use of discretion as to the propriety of the act. *Zinnermon v. City of Chi. Dep't of Police*, 209 F. Supp. 2d 908, 911 (D. Ill. 2002). Whether an act is ministerial or discretionary is determined on a "case-by-case" basis and is "fact specific." *Hanley v. City of Chicago*, 343 Ill App.3d 49, 795 N.E.2d 808, 815, 277 Ill. Dec. 140 (1st Dist. 2003). As stated previously, a complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennett*, 153 F.3d at 518. Because the facts of the instant case have yet to be fully developed, the Court finds that Allgood has sufficiently stated a claim of retaliatory discharge. The Court is cognizant that Illinois recognizes the limited and narrow tort of retaliatory discharge as an exception to the general rule of at-will employment. *Balla v. Gambro, Inc.*, 145 Ill. 2d 492, 584 N.E.2d 104, 107, 164 Ill. Dec. 892 (Ill. 1991). In order to establish a cause of action for retaliatory discharge, the plaintiff must show that: (1) she was discharged in retaliation for her activities; and (2) the discharge is a violation of a clearly mandated public policy. *Jacobson v. Knepper & Moga*,

*P.C.*, 185 Ill. 2d 372, 706 N.E.2d 491, 493, 235 Ill. Dec. 936 (Ill. 1998). A claim for retaliatory discharge should be recognized when it is necessary to prevent employers from using their power of termination in a manner that frustrates the public policy behind other Acts, such as the Workmen's Compensation Act. *See Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520, 478 N.E.2d 1354, 1356, 88 Ill. Dec. 628 (Ill. 1985). The Illinois Supreme Court does not "strongly support" an expansion of this tort, and will only provide one when there is a clear violation of mandated public policy. *Id.* at 1356. At this stage of the proceedings, however, the facts have not yet been fully developed and Plaintiff is only required to provide notice of his claim. *Bennett*, 153 F.3d at 518. Therefore, Defendants' motion to dismiss this claim is denied.

### E.   Municipal Liability (Count V)

In Count V, Plaintiff asserts a § 1983 claim against the City alleging a violation of his first amendment right. Defendants move to dismiss this count pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694, 56 L.Ed. 2d 611, 98 S. Ct. 2018 (1978) and its progeny. A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional violation or deprivation occurred as a result of an official policy, custom, or practice. *Id.*; *Chortek v. Milwaukee*, 356 F.3d 740, 748 n.4 (7th Cir. 2004). Liability may be demonstrated in three ways: "(1) by an express policy that, when enforced, causes a constitutional deprivation; (2) by a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) by a showing that the constitutional injury was caused by a person with final policymaking authority." *Franklin v. City of Evanston*, 384 F.3d 838, 843 (7th Cir. 2004); see also *Baxter by Baxter v. Vigo*

*County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). The Seventh Circuit has held that courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability. *McCormick v. City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000)(*citing Leatherman v. Tarrant County Narc. Intelligence and Coordination Unit*, 507 U.S. 163, 164, 122 L.Ed.2d 517, 113 S. Ct. 1160 (1993)). The *McCormick* court also reasoned that while plaintiffs are not required to allege all of the facts entailed by the claim, a plaintiff is required to set forth operative facts which form the basis of the claim. *Id.*

Plaintiff summarily dismisses Defendants' argument by responding that the liberal pleading standard of Rule 8 does not require any fact pleading. In the instant case, Allgood alleges that the unknown Police Officers and the City violated his constitutional rights by terminating his employment after he filed a complaint in the internal affairs department. Plaintiff's allegations, however, are insufficient to provide the Defendants with notice as to the nature of the *Monell* claim that has been filed against the City. *See McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)("Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient... The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts."). Here, Allgood fails to set forth any facts providing fair notice of any policy or practice that allegedly resulted in the deprivation of his constitutional rights. Therefore, the Court dismisses Count V of Plaintiff's Complaint without prejudice.

## CONCLUSION

For the above-stated reasons, Defendants' motion to dismiss for failure to state claim is

11

granted as to Counts II, III, and V. The dismissal of Counts II and III are with prejudice. The City of Chicago is dismissed from Count I. Plaintiff has twenty-one days from the date of this Memorandum Opinion and order to amend his section 1983 claims (Count V) against the City in accordance with this Order. If Plaintiff does not amend the claim within that period, the dismissal of Count V will be with prejudice.

IT IS SO ORDERED.

9/18/06
Dated

The Honorable William J. Hibbler
United States District Court